# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL SILVA CAIRES,<br><br>            Petitioner,<br>v.<br><br>PATRICIA HYDE, Boston Field Office Director, U.S. Immigration and Customs Enforcement EMERGENCY PETITION and Removal Operations ("ICE/ERO"); TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement, and KRISTI NOEM, U.S. Secretary of Homeland Security; PAMELA BONDI, Attorney General of the U.S. and U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>            Respondents. | CA No.: 1:25-CV-12823-AK |

## RESPONDENTS' AMENDED RESPONSE TO
## PETITION FOR WRIT OF HABEAS CORPUS

Respondents file this Amended Response to Petitioner Daniel Silva Caires's Petition for Writ of Habeas Corpus (Sept. 30, 2025) (ECF Doc. 1 at 9) ("Petition"), in which he challenges his immigration detention and seeks immediate release.   On October 1, 2025, Respondents filed an Abbreviated Response to Petition for Writ of Habeas Corpus (ECF Doc. 8).   Subsequently, on October 2, 2025, counsel for Respondents received additional facts regarding Petitioner's case, notably that Petitioner was transferred outside of Massachusetts on September 29, 2025, prior to the filing of his Petition on September 30, 2025.   Accordingly, this Court lacks jurisdiction over the Petition.   Respondents request that the Court rely on this Amended Response, which supersedes the earlier filed Abbreviated Response.

1

## INTRODUCTION

Under binding precedent from the Supreme Court and the U.S. Court of Appeals for the First Circuit, this Court lacks habeas jurisdiction over this Petition because Petitioner was not in the District of Massachusetts when he filed this action seeking release from U.S. Immigration and Customs Enforcement ("ICE") custody. Instead, when the Petition was filed on September 30, 2025, Petitioner was in ICE custody in Buffalo, New York. *See* Declaration of Assistant Field Office Director Keith Chan ("Chan Decl.") attached as Exhibit 1, at ¶ 8. ICE transferred Petitioner from Massachusetts at approximately 5:15pm on September 29, 2025, via a flight to Buffalo, New York, where he arrived at approximately 6:30pm that same day. *Id.* Such transfer was conducted to optimize bedspace management at the Boston Field Office. *Id.*, at ¶ 9.

Respondents did not violate the Court's Order by moving Petitioner to the Buffalo Federal Detention Center, as Petitioner was not in Massachusetts when the Court entered its Order Concerning Service of Petition and Stay of Transfer or Removal on September 30, 2025 (ECF Doc. 3). Petitioner remains in ICE custody at the Batavia Detention Facility in, New York. (Chan Decl. at ¶ 5).

In *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), the Supreme Court made clear that an individual challenging his detention through a habeas petition must file that petition in the district where he is detained and must name the custodian detaining her in such district as the respondent. The First Circuit, in *Vasquez v. Reno*, has also concluded that a district court did not have jurisdiction over a habeas petition filed "in a jurisdiction where neither he nor his immediate custodian was physically present." 233 F.3d 688, 695 (1st Cir. 2000).

Because Petitioner was not in this district when he filed this action, this Court lacks habeas jurisdiction to consider his Petition. *See, e.g.*, *Ozturk v. Trump*, 777 F. Supp. 3d 26, 43 (D. Mass.

2025) (Transferring petition to district of confinement at time petition was filed); *Costa v. Lyons,* No. 25-CV-11732-DJC, 2025 WL 1695940, at *1 (D. Mass. June 17, 2025) (Finding no jurisdiction over habeas petition because petitioner "was not in the District of Massachusetts at the time he filed the Petition"); *Tham v. Adducci*, 319 F. Supp. 3d 574, 577 (D. Mass. 2018) (Holding that "jurisdiction lies in only one district: the district of confinement."); *Rombot v. Moniz*, 299 F. Supp. 3d 215, 218 (D. Mass. 2017) ("A district court may only grant a petitioner relief when the court is located in the 'district of confinement.'") (quoting *Padilla*, 542 U.S. at 443); *Kantengwa v. Brackett*, No. 19-CV-12566-NMG, 2020 WL 93955, at *1 (D. Mass. Jan. 7, 2020) ("Because the District of Massachusetts is not the district of [petitioner's] confinement, jurisdiction is lacking.").

As such, this Petition should be transferred to the Western District of New York as Petitioner was in ICE custody in such district at the time the action was filed. *See Ozturk*, 777 F. Supp. 3d at 43 (Transferring petition to the District of Vermont as petitioner was in ICE custody in that district when petition was filed).

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a citizen of Brazil. (Petition ¶ 8); (Chan Decl. at ¶ 7). He states that entered the United States without inspection on or about May 12, 2021. (Petition ¶ 14). According to the Petition, on May 12, 2021, Petitioner was apprehended and served a Notice to Appear and a Form I-220A Order of Release on Recognizance. (Petition ¶ 15).

On September 29, 2925, Petitioner was encountered by ICE in Malden Massachusetts and detained. (Chan Decl. at ¶ 7). On September 29, 2025, ICE transferred Petitioner from Massachusetts via a flight that departed at approximately 5:15pm on September 29, 2025, and arrived in Buffalo, New York at approximately 6:30pm that same day. (Chan Decl. at ¶ 8).

Petitioner was then placed at the Buffalo Federal Detention Facility in Batavia, New York on September 29, 2025, where he remains in ICE custody. (Chan Decl. at ¶ 5).

Petitioner filed this action on September 30, 2025. (ECF Doc. 1). Petitioner asserts that his detention violates statute and the Fifth Amendment's Due Process Clause. (Petition ¶¶ 26–41). As such, Petitioner asks this Court to order his immediate release. *Id*. at 9.

On September 30, 2025, the Court entered its Order Concerning Service of Petition and Stay of Transfer or Removal. (ECF Doc. 3). This Order prohibited ICE from transferring Petitioner "to another district unless the government provides advance notice of the intended move." *Id*. at 3. The Order also required the Government to provide notice to the Court if it contests that Petitioner is presently confined in the District of Massachusetts. *Id*. at 3.

## STANDARD OF REVIEW

It is axiomatic that "[t]he district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allopath Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotations omitted). Title 28 U.S.C. § 2241 provides district courts with jurisdiction to hear federal habeas petitions unless Congress had separately stripped the court of jurisdiction to hear the claim.

To warrant a grant of writ of habeas corpus, the burden is on the petitioner to prove that his custody is in violation of the Constitution, laws, or treatises of the United States. *See* 28 U.S.C. § 2241(c)(3); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to an unlawful detention is on the petitioner."); *Farrell v. Lanagan*, 166 F.2d 845, 847 (1st Cir. 1948) ("The burden of proof is on the petitioner to establish denial of his constitutional rights. The court must be convinced by a preponderance of evidence.").

## ARGUMENT

This Court lacks habeas jurisdiction over this Petition because Petitioner was not detained in Massachusetts when he filed this action on September 30, 2025. This Court should transfer the Petition to the Western District of New York as Petitioner was in ICE custody in that district at the time the action was filed. *Ozturk*, 777 F. Supp. 3d at 43 ("because Ozturk was confined overnight in Vermont when the Petition was filed, the District of Vermont is the proper transferee court."). Respondents also did not violate the Court's no transfer Order since Petitioner had been transferred to New York prior to the Order's issuance.

### A. The Immediate Custodian and District of Confinement Rules Apply to this Petition and Render this Court without Jurisdiction.

Petitioner filed the Petition pursuant to 28 U.S.C. § 2241 which provides in relevant part that "[w]rits of habeas corpus may be granted by … the district courts within their respective jurisdictions" where a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. A writ of habeas corpus granted by a district court "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. A district court therefore must have jurisdiction over the custodian because the "writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Vasquez*, 233 F.3d at 690 (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973)). As explained by another session of this Court, "as a general rule, a petitioner must file a habeas petition in the district in which they are confined and must name as a respondent the petitioner's immediate custodian." *Ozturk*, 777 F.Supp.3d at 34.

The Supreme Court explained that when considering "challenges to present physical confinement … the immediate custodian, not a supervisory official who exercises legal control, is

the proper respondent." *Padilla*, 542 U.S. at 339. *Padilla* involved a habeas petition filed by a U.S. citizen who was initially detained in the Southern District of New York but then transferred to South Carolina. *Id.* at 431. After Mr. Padilla was transferred, he filed a petition in SDNY, naming President Bush and Secretary Rumsfeld as respondents. *Id.* at 432. The Court confronted the "question whether the Southern District has jurisdiction over Padilla's habeas petition" which required two determinations: "First, who is the proper respondent to the petition? And second, does the Southern District have jurisdiction over him or her?" *Id.* at 434.

Answering the first question, the Supreme Court explained that the habeas statute "provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Id.* (quoting 22 U.S.C. § 2242). The Court stated that "there is generally only one proper respondent to a given prisoner's habeas petition," the immediate custodian who has "the ability to produce the prisoner's body before the habeas court." *Id.* The Court applied its "longstanding" rules – known as the "district of confinement" and "immediate custodian" rules – and explained that in a challenge to present physical confinement, "the proper respondent is the warden of the facility where the prisoner is held, not the Attorney General or some other remote supervisory official." *Id.* at 435. Without evidence that "there was any attempt to manipulate" his transfer or that government was hiding his location, the Court explained that his "detention is thus not unique in any way that would provide arguable basis for a departure from the immediate custodian rule." *Id.* at 441-42.

As to the question of the proper district court to consider the petition, the Court affirmed the applicability of the traditional rule "that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443. Because Mr. Padilla was moved from the Southern District of New York before the petition was filed, "the

6

Southern District never acquired jurisdiction over Padilla's petition." *Id.* at 441-42.[1]

Four years prior to the *Padilla* decision, the First Circuit in *Vasquez* held that a habeas petitioner challenging his immigration detention must file his petition in the district of confinement and must name his immediate custodian in that district as the respondent. *Vasquez*, 233 F.3d at 696. The First Circuit rejected the argument that a supervisory official such as the Attorney General was the proper respondent, holding that "as a general rule, the Attorney General is neither the custodian of such an alien in the requisite sense nor the proper respondent to a habeas petition."[2] *Id.* at 689.

In *Vasquez*, an alien was detained in Massachusetts before transfer to Louisiana. *Id.* at 690. The petitioner filed in the District of Massachusetts, naming as respondents the Attorney General, the Commissioner of the Immigration and Nationality Service ("INS"), and the district director of the INS's Boston office. *Id.* He did not name, however, the INS official who maintained his custody in Louisiana. *Id.* The First Circuit held that the district court erred in exercising jurisdiction because the petitioner was not detained in Massachusetts when he filed and due "to the petitioner's failure to name his true custodian (the INS district director for Louisiana) as the respondent to his petition." *Id.*

The First Circuit explained that "Congress has stipulated that a writ of habeas corpus granted by a district court 'shall be directed to the person having custody of the person detained.'"

---

[1] As such, the *Padilla* Court distinguished the factual circumstances before the Court from those at issue in *Ex parte Endo,* 323 U.S. 283 (1944) where the Supreme Court had created an exception to its general rule for cases in which the petitioner properly filed the habeas petition against the immediate custodian and thereafter was transferred outside the district court's territorial jurisdiction. Here, as in *Padilla*, *Endo* is not applicable because Petitioner never properly filed his habeas petition with this Court because he was not detained in Massachusetts when it was filed.
[2] At the time of the *Vasquez* decision, immigration detainees were held by the Immigration and Naturalization Service which was part of the U.S. Department of Justice.

*Id.* (quoting 28 U.S.C. § 2243). Per the Court, "[t]his means, of course, that the court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody." *Id.* at 690. As it specifically concerned aliens in immigration detention, the Court found that, as in in the prison context, the proper respondent is not a supervisory official such as the Attorney General or the head of an agency, but the immediate custodian of the alien, *i.e.* the individual "who holds the petitioner in custody." *Id.* at 691. As such, the First Circuit held that "an alien who seeks a writ of habeas corpus contesting the legality of his detention by [ICE] normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained." *Id.* Otherwise, "allowing alien habeas petitioners to name the Attorney General … will encourage rampant forum shopping." *Id.* at 694.

As explained below, given this Court lacks habeas jurisdiction under the above rules, the proper course is for this Court to dismiss the action or transfer it to the district of confinement at the time the Petition was filed.

**1.** <u>**Petitioner failed to name his immediate custodian.**</u>

In applying the immediate custody rule to this case, Petitioner failed to name his immediate custodian as respondent as required. Instead, the Petition named supervisory officials from DHS and ICE as respondents to this action.

Courts within this district routinely hold that they lack jurisdiction over a habeas petition if the alien names improper respondents such as supervisory officials like the ICE Boston Field Office Director ("FOD"), even if this individual provides oversite throughout the New England region. For example, in *Duy Tho Hy v. Gillen*, 588 F. Supp. 2d 122, 124-25 (D. Mass. 2008), the Court held that the ICE FOD was not a proper party, explaining that "[b]ecause the petitioner's *immediate* custodian is the only proper respondent, a supervisory officer of any kind, … is not a

proper party." (emphasis in original). *See also McPherson v. Holder*, No. 14-CV-30207-MGM, 2015 WL 12861171, at *2 (D. Mass. Mar. 4, 2015) (Explaining that "regardless of where petitioner was detained at the time of filing, under First Circuit jurisprudence, Attorney General Eric Holder does not have day-to-day control over the facility where the petitioner is held. Thus, petitioner has not named the proper respondent, and on this basis alone, the petition may be dismissed without prejudice to its refiling with the correct respondent."); *Pen v. Sessions*, No. CV 17-10626-NMG, 2017 WL 2312822, at *1–2 (D. Mass. May 25, 2017) (Holding that "the proper respondent is the warden of the institution where Pen was confined when the petition was filed. … The other persons identified as respondents are not proper parties to this action.").

The First Circuit did acknowledge, however, that there could be "extraordinary circumstances" in which an official with supervisory control could be named as the respondent for an ICE detainee's habeas petition. *Vasquez*, 233 F.3d at 696. The court cited *Demjanjuk v. Meese*, 784 F.2d 1114, 1116 (D.C. Cir. 1986) for one such possible exception where a supervisory official was appropriately named when the custodian of the petitioner was unknown at the time that the petition is filed. *Id.* The First Circuit also contemplated an exception could exist when ICE "spirited an alien from one site to another in an attempt to manipulate jurisdiction" and explained that a petitioner would need to "marshal[] facts suggesting furtiveness" or make a "showing of the elements necessary to demonstrate bad faith" for this exception to apply. *Id.*

In *Ozturk*, this Court confronted a situation in which ICE arrested a habeas petitioner and transferred her from Massachusetts within hours of the arrest, first to Vermont where she was present when her habeas petition was filed, and then the next morning to Louisiana. 777 F.Supp.3d at 41-42. The Court found that the unknown custodian exception applied because the petition was

filed when Ozturk was in transit and "counsel for Ozturk could not have known to name her client's immediate custodian in Vermont, her location at the time the Petition was filed." *Id.* at 42.

Here, Petitioner was transferred to the Buffalo Federal Detention Center on September 29, 2025, and therefore it is possible that his location and the name of his immediate custodian was known when the Petition was filed on September 30, 2025. But, to the extent that Petitioner's custody location had not been updated in the ICE detainee locator system by the time Petitioner filed this action, this Court conceivably could determine that Petitioner's naming of supervisory officials does not render this Petitioner subject to dismissal on that basis alone and instead find it appropriate to transfer the Petition to the district of confinement. *See Y.G.H v. Trump*, No. 1:25-CV-00435-KES-SKO, 2025 WL 1519250, at *6 (E.D. Cal. May 27, 2025) ("At the time Y.G.H.'s counsel filed the Petition, counsel could not and did not know the identity of Petitioner's immediate custodian, despite reasonable efforts to obtain that information. The Petition therefore appropriately named the Secretary of the Department of Homeland Security and the Acting Director of ICE as respondents.").

### 2. Petitioner failed to file in the district of confinement.

Even if the naming of supervisory officials as respondents to this action is deemed permissible, this Court nonetheless lacks jurisdiction over the Petition because Petitioner was not in Massachusetts at the time he filed this action as he had departed Massachusetts on September 29, 2025. (Chan Decl. ¶ 8); *Ozturk*, 777 F.Supp.3d at 42 (Explaining that "whatever the analytical overlap between this [place-of-confinement] general rule and the immediate-custodian rule may be, the Court must address both rules in determining its jurisdiction."). *See also Dvortsin v. Noem*, No. 25-CV-01741-NYW, 2025 WL 1751968, at *5 (D. Colo. June 12, 2025) (Even if unknown custodian exception applied as petitioners were in transit at time petition was filed, "the Court is

skeptical that it could be used to subvert the district of confinement rule here.").

For a district court to have jurisdiction over a habeas petition, the individual holding custody must be "within [the court's] respective jurisdiction[]." *Padilla*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)); *Vasquez*, 233 F.3d at 690 (Explaining "that the court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody."). As the Supreme Court has made clear, that means the petition must be heard by the court that sits in the district of confinement when the petition is filed. *Padilla*, 542 U.S. at 443.

This Court has found jurisdiction wanting over habeas petitions that are filed by ICE detainees outside of Massachusetts. *Chirinos v. Hyde*, 1:25-cv-11641-AK, Doc. No. 13 (D. Mass. July 7, 2025) (Finding no jurisdiction over habeas petition because petitioner was not in Massachusetts when it was filed). Similarly, other sessions of this court have come to the same conclusion. *See e.g.*, *Costa*, 2025 WL 1695940, at *1 ("The Court lacks habeas jurisdiction over this action because Costa was not within the territorial jurisdiction of this Court when he filed the Petition."); *Arias v. Moniz*, 1:25-cv-11605-ADB, Doc. No. 14 (D. Mass. June 4, 2025) (same); *Ozturk*, 777 F.Supp.3d at 43; *Kantengwa,* 2020 WL 93955, at *1; *Tham*, 319 F. Supp. 3d at 577 (D. Mass. 2018) ("jurisdiction lies in only one district: the district of confinement."); *Rombot,* 299 F. Supp. 3d at 218; *Aitcheson v. Holder*, No. CV 15-11123-NMG, 2015 WL 10434871, at *2 (D. Mass. Dec. 31, 2015) (Finding no jurisdiction over a habeas petition filed by a petitioner when in the District, but who was moved to Alabama shortly after such filing because "1) [Massachusetts] is no longer petitioner's district of confinement and 2) only a respondent at the Detention Center in Alabama could bring the petitioner before a habeas court.").

In *Padilla*, two members of the majority that applied the general rule requiring a habeas petition be filed in the district of confinement, in a concurring opinion, suggested an exception to

the general rule. 542 U.S. at 454. Justice Kennedy (joined by Justice O'Connor) suggested an exception might be warranted "if there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed, or where the Government was not forthcoming with respect to the identity of the custodian and the place of detention." *Id.* In such case, "habeas jurisdiction would be in the district court from whose territory the petitioner had been removed." *Id.*

As this Court recently recognized in *Ozturk* in declining to exercise jurisdiction over a petition which was filed when the petitioner was in Vermont, "no court has yet relied upon the *Padilla* concurrence as the basis for jurisdiction." 777 F.Supp.3d at 42. This Court should also decline to take jurisdiction over this Petition because Petitioner does not identify facts fitting this case into Justice Kennedy's proposed exception, even assuming such exception could be applied. Again, the purpose of Petitioner's transfer was to optimize bed space management in the Boston Field Office, (Chan Decl. ¶ 9), not to make it difficult for his lawyer to know where the Petition should be filed. There are no allegations that ICE was not forthcoming as to Petitioner's custodian and place of detention after transfer.

Because Petitioner was transferred from Massachusetts before he filed his Petition, this Court never acquired jurisdiction and therefore "out not to … act[] on the merits" of the Petition. *Vasquez*, 233 F.3d at 697. Instead, as the Court did in *Ozturk*, transfer to the district in which Petitioner was in custody when he filed the Petition is appropriate under 28 U.S.C. §§ 1406(a) and 1631. 777 F.Supp.3d at 42-43. *See also Y.G.H.*, 2025 WL 1519250 at *6-7 (Declining to adopt Justice Kennedy's proposed exception in *Padilla* even though petitioner was in transit at time petition was filed as petitioner's counsel became aware of his new location the next day and no additional transfers occurred. In such situation, transfer to the district where petitioner was in

12

custody would be appropriate.); *Dvortsin*, 2025 WL 1751968 at *4 (Transferring petition to the district of confinement at time petition was filed and concluding that "it does not matter for this analysis that [petitioners] were in transit, and had not been booked into Dilley, at the moment the Petition was filed.").

## <u>CONCLUSION</u>

For these reasons, this Court lacks jurisdiction over the Petition and therefore cannot consider Petitioner's claims as to unlawful arrest and detention. Respondents do not oppose, however, transfer of this Petition to the Western District of New York, the district of Petitioner's confinement at the time the Petition was filed. Finally, for the reasons set forth above, Respondents did not violate this Court's September 30, 2025, Order prohibiting transfer from the District without advance notice, as Petitioner had departed Massachusetts prior to the Order's issuance.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: October 3, 2025          By:  */s/ Shawna Yen*
                                     Shawna Yen
                                     Assistant U.S. Attorney
                                     U.S. Attorney's Office
                                     John J. Moakley U.S. Courthouse
                                     1 Courthouse Way, Suite 9200
                                     Boston, MA  02210
                                     Tel.: 617-748-3100
                                     Email: Shawna.Yen@usdoj.gov

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


Dated:  October 3, 2025                    By:    */s/ Shawna Yen*
                                                  SHAWNA YEN
                                                  Assistant United States Attorney